GLENN B. McCORMICK
Acting United States Attorney
District of Arizona
ERICA L. SEGER
AZ State Bar No. 022681
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: erica.seger@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-21-02714-001-TUC-RM (MSA) |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION FOR COURT ORDER TO PREVENT PIMA COUNTY MEDICAL EXAMINER'S OFFICE FROM RELEASING DOCUMENTS |
| vs. | |
| Devonte Okeith Mathis, | |
| Defendant. | |

Now comes the United States of America, by and through its attorneys undersigned, hereby files this Motion for Court Order to Prevent the Pima County Medical Examiner's Office from Releasing Documents, and in support states as follows:

The defendant has been charged via indictment with one count of conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana. These charges are based in part on events in Tucson, Arizona on October 4, 2021 that resulted in the death of a Special Agent and another individual, D. T.

The Pima County Medical Examiner's Office (ME), performed autopsies on the deceased individuals related to this investigation, and produced reports and other documentary evidence associated with these autopsies. The media has made a request for production of the autopsy reports pursuant to the Arizona Public Records Law and Ariz. Rev. Stat. §§ 11-594 and 11-597. *See* Attach A.; *See also Star Publishing Company v. Parks*, 875 P.2d 837, 838 (Ariz. App. Div. 2 1993). According to the Medical Examiner's

Office, absent a court order, the report will be provided to the requesting party pursuant to Arizona state law.

Under Arizona law, public records are not available for inspection when they are made confidential by statute, when the public interest in disclosure is outweighed by privacy concerns, or when the right to disclosure is outweighed by the best interests of the State. *Phoenix Newspapers, Inc. v. Keegan*, 201 Ariz. 344, 348, 35 P.3d 105 (Ct. App. 2001). Because the autopsy reports here are related to an open and active case that is pending further investigation, it would materially harm the integrity of the investigation for the autopsy reports to be released to the media or other public parties

*Schoeneweis v. Hamner* provides support for the government's position. This Arizona Court of Appeals decision addresses the issue of whether a requester was entitled to the death certificate, autopsy reports, and all other documents discussing the death of Gabrielle Schoeneweis. *Schoeneweis v. Hamner*, 223 Ariz. 169, 171, 221 P.3d 48 (Ct. App. 2009). In that case, the Maricopa County Sheriff's Office was investigating Schoeneweis' death because evidence showed that she may have died from a cocaine overdose. *Id*. The underlying criminal investigation and the fact that the case involved a death and possible injuries to others were important factors that the appeals court found to be a necessary part of the analysis in deciding whether disclosure of the circumstances of death were appropriate. *Id*. at 175. The court held, "[i]n the circumstances of this case, we conclude that the failure to conduct an in camera review to balance the competing interests of privacy and access amounts to an abuse of discretion." *Id*.

As the Court is aware, this case has received extensive media coverage. Based on the ongoing investigation, there is concern that release of the autopsy reports, which describes the cause of death and trauma to the decedents' bodies, is detrimental to the best interests of the investigation. Furthermore, the reports are evidence of aspects of this case that may ultimately need to be resolved by the jury. Dissemination could taint the jury pool, and has the potential to deprive both the government and the defendant of a fair trial. Thus,

the United States is seeking an order from the Court precluding the Pima County Medical Examiner's Office from releasing the autopsy report for a period of 180 days.

Undersigned counsel has informed counsel for the defendant of this motion, and the defense does not object to an order from this Court precluding release. The United States notes that the requested order will not preclude disclosure to the defendant.

WHEREFORE, the United States of America requests that the Court enter an order restraining any member of the Pima County Medical Examiner's Office, from releasing any documents to include release of the official autopsy reports of the decedents in this case for a period of 180 days.

Respectfully submitted this 5th day of November, 2021.

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

s/Erica L. Seger

ERICA L. SEGER
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 5th day of November, 2021, to:

Vicki Brambl and Eric Rau, Esq.