GARY M. RESTAINO
United States Attorney
District of Arizona

DIMITRA H. SAMPSON
Arizona State Bar No. 019133
KEITH E. VERCAUTEREN
Arizona State Bar No. 013439
LINDSAY L. SHORT
Arizona State Bar No. 034125
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona  85004
Telephone:  602-514-7500
Email:  dimitra.sampson@usdoj.gov
keith.vercauteren@usdoj.gov
lindsay.short@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States America, | CR-21-02714-001-TUC-RM (MSA) |
|---|---|
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| Devonte Okeith Mathis, | |
| Defendant. | |

The United States of America and the defendant, DEVONTE OKEITH MATHIS, agree to the following disposition of this matter:

PLEA

1. The defendant agrees to plead guilty to an Information, which charges the defendant with Count 1: a Class D felony violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(D), Conspiracy to Possess with Intent to Distribute Marijuana; and Count 2: a Class A felony violation of 18 U.S.C. §§ 924(c)(1)(A) and 2, Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime.  The Indictment will be dismissed at sentencing.

Elements of the Offenses

2. The elements of Conspiracy to Possess with Intent to Distribute Marijuana are as follows:

  a. The defendant agreed with at least one other person to commit the crime of Possession with Intent to Distribute Marijuana as charged in Count 1 of the Information;

  b. The defendant became a member of the conspiracy knowing that its object was the Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(D) and intending to accomplish said object.

3. The elements of Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime are as follows:

  a. The defendant or a co-conspirator knowingly or intentionally possessed, used, or carried a firearm; and

  b. The firearm was possessed in furtherance of, or used or carried during and in relation to, a drug trafficking offense for which the defendant may be prosecuted in a court of the United States.

4. A defendant may be convicted of the substantive offenses committed by a co-conspirator in furtherance of a conspiracy under the doctrine of *Pinkerton v. United States*, 328 U.S. 640, 645–46 (1946). Pursuant to *Pinkerton*, a defendant can be convicted of a § 924(c) violation if a co-conspirator used or carried a firearm during and in relation to a criminal scheme. *See, e.g.*, *United States v. Johnson*, 886 F.2d 1120, 1123 (9th Cir. 1989); *United States v. Allen*, 425 F.3d 1231, 1234 (9th Cir. 2005) ("Although Allen did not himself use, carry, or possess a gun in furtherance of the robbery, he could be convicted as a co-conspirator.") To establish *Pinkerton* liability, the violation of 18 U.S.C. §§ 924(c)(1)(A) must be both in furtherance of the marijuana conspiracy (in which both the defendant and the actual user or carrier were participants) and reasonably foreseeable. *See United States v. Henson*, 123 F.3d 1226, 1239 (9th Cir. 1997); *United States v. Long*, 301

F.3d 1095, 1103 (9th Cir. 2002) ("*Pinkerton* extends liability to a conspirator for a coconspirator's substantive offenses 'when they are reasonably foreseeable and committed in furtherance of the conspiracy.'") (citing *Pinkerton*, 328 U.S. at 645–48, 66). Put differently, "[w]here the substantive offense is the basis for § 924(c) liability, the issue is whether the defendant could reasonably foresee that a firearm would be used." *Henson*, 123 F.3d at 1239.

5. A defendant may also be found guilty of Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

   a. First, someone else committed the crime of Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime;

   b. Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, or Possession of a Firearm in Furtherance of a Drug Trafficking Crime;

   c. Third, the defendant acted with the intent to facilitate Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime; and

   d. Fourth, the defendant acted before the crime was completed.

### Maximum Penalties

6. The defendant understands that the maximum penalties for Count 1, Conspiracy to Possess with Intent to Distribute Marijuana, to which he is pleading, are a

fine of $250,000, a term of imprisonment up to five (5) years, or both, and a term of between two (2) years and lifetime supervised release. The maximum penalties for Count 2, Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, to which he is pleading, are a fine of $250,000, a term of up to life imprisonment with a mandatory minimum term of imprisonment of five (5) years, or both, and a term of not more than five (5) years supervised release. By statute, the term of imprisonment in Count 2 must run consecutive to all other counts.

7. The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

8. Pursuant to 18 U.S.C. § 3013, the defendant shall pay a special assessment of $100.00 per felony count. The special assessment is due and payable at the time the defendant enters the plea of guilty and shall be paid no later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

<u>Drug Conviction & Immigration Consequences</u>

9. The defendant understands and acknowledges that pleading guilty may result in the termination or denial of certain food stamp, social security, and other benefits for the defendant and the defendant's immediate family pursuant to 21 U.S.C. §§ 862 and 862a.

<u>STIPULATIONS, TERMS AND AGREEMENTS</u>

<u>Agreements Regarding Sentencing</u>

10. <u>Guideline Calculations</u>: Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties stipulate and agree that the following guideline calculations are appropriate for the charge for which the defendant is pleading guilty should the Court find that the defendant was an average participant in the offense:

| | | |
|---|---|---|
| Base Offense Level (2.5 - 5 kg Marijuana) | 2D1.1(c)(16) | 10 |
| Base Offense Level (924(c)(1)(A)) | 2K2.4 | 5 years consecutive |
| Grouping (Counts 1 & 2) | 3D1.4 | +0 |
| <u>Acceptance of Responsibility</u> | 3E1.1(a) & (b) | <u>-2</u> |
| Total Adjusted Offense Level: | | 8 |

\*The cross reference for First Degree Murder may apply to Count 1, pursuant to U.S.S.G. § 2D1.1(d)(1), which would make the Base Offense Level 43 (U.S.S.G. §2A1.1), although the statutory maximum for this offense remains five (5) years' imprisonment.

11.  The government and the defendant agree and stipulate that, for purposes of entering into this plea agreement, the defendant's Base Offense Level will be calculated on the basis that the controlled substance was 3.124 kilograms of marijuana.

12.  <u>Sentencing Agreement</u>: Pursuant to Fed. R. Crim. P., Rule 11(c)(1)(C), the government and the defendant stipulate and agree to a total combined sentence of:

**No greater than 10 years' imprisonment**.

The defendant may withdraw from the plea agreement if he/she receives a sentence in excess of the stipulated sentence listed above. The government may withdraw from the plea agreement if the Court sentences the defendant below the mandatory minimum terms of imprisonment for this offense.

13.  <u>Restitution</u>: Pursuant to 18 U.S.C. § 3663 and/or 3663A, the defendant specifically agrees to pay full restitution, regardless of the resulting loss amount but in no event more than $1,000,000, to all victims directly or proximately harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

14. The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

15. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

16. The defendant understands and agrees to cooperate fully with the United States Probation Office in providing (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution; (c) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

17. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw defendant's guilty plea.

## AGREEMENT AS TO FORFEITURE

18. a. The defendant, DEVONTE OKEITH MATHIS, knowingly and voluntarily agrees to forfeit all right, title and interest in the following:

   1. Glock 21, .45 Pistol, Serial Number (S/N) EPF070;
   2. Para Hi-Cap P14 .45 S/N K007324 with one empty magazine;
   3. Loaded .45 caliber magazine and (1) .45 caliber round of ammunition;
   4. Black loaded magazine with .45 caliber rounds of ammunition; and

    5. Scherer .45 loaded magazine with .45 caliber rounds of ammunition.

  b. The defendant knowingly and voluntarily agrees not to pursue any filed claims, and to waive all interest in the asset listed above, in any administrative, civil or criminal judicial proceeding, whether state or federal, which may be initiated.

  c. The defendant knowingly and voluntarily agrees to consent to the entry of orders of forfeiture for the forfeitable assets and waives the requirements of Federal Rules of Criminal Procedure, Rule 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

  d. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

  e. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, any jeopardy defense or claim of double jeopardy, or any other means), and knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or punishment, to any forfeiture carried out in accordance with this plea agreement on any grounds.

  f. The defendant warrants that he is the owner or has an interest in the property listed above, and knowingly and voluntarily agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed assets covered by this agreement.

  g. The defendant knowingly and voluntarily agrees and understands the forfeiture of the assets listed above shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon

the defendant in addition to the forfeiture.

## Waiver of Defenses and Appeal Rights

19. Provided the defendant receives a sentence in accordance with this plea agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing-including the manner in which the sentence is determined, the determination whether the defendant qualifies for "safety valve" (U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f)), and any sentencing guideline determinations. The sentence is in accordance with this agreement if the sentence imposed does not exceed the stipulated sentence. The defendant further waives: (1) any right to appeal the Court's entry of judgment against the defendant; (2) any right to appeal the imposition of sentence upon the defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, the defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether the defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of

"prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

### Reinstitution of Prosecution

20. Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement. In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any information, statements, documents, and evidence which the defendant provides to the United States pursuant to this agreement may be used against the defendant in all such proceedings.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that were dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees that the stipulated sentencing ranges set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

### Plea Addendum

21. This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any Sentencing Guidelines range referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## Factual Basis and Relevant Conduct

I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove the elements of the offense beyond a reasonable doubt:

From a date unknown to on or about October 4, 2021, in the District of Arizona, and elsewhere, I, DEVONTE OKEITH MATHIS, agreed with another individual(s), known and unknown, to possess approximately 3.124 kilograms of marijuana, a Schedule I controlled substance. As part of the conspiracy, I intended to deliver the marijuana to another person or persons and intended to be paid for my participation.

In addition to possessing the marijuana with my coconspirator, I knew that my coconspirator possessed two handguns: a Glock 21, .45 Pistol, with Serial Number (S/N) EPF070, and a Para Hi-Cap P14 .45 S/N K007324, in furtherance of the drug conspiracy. It was reasonably foreseeable that my co-conspirator not only possessed these firearms in furtherance of the drug conspiracy, but that he would carry and use these two handguns during and in relation to the drug trafficking conspiracy.

3-13-23
Date

Stephanie J. Meade for D w/ permission
DEVONTE OKEITH MATHIS
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the

offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

3.13.23
Date

STEPHANIE MEADE
Attorney for Defendant

GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

DIMITRA SAMPSON
Digitally signed by DIMITRA SAMPSON
Date: 2023.03.13 14:15:23 -07'00'

Date

DIMITRA H. SAMPSON
KEITH E. VERCAUTEREN
LINDSAY L. SHORT
Assistant U.S. Attorneys