GARY M. RESTAINO
United States Attorney
District of Arizona

DIMITRA H. SAMPSON
Arizona State Bar No. 019133
KEITH VERCAUTEREN
Arizona State Bar No. 013439
LINDSAY L. SHORT
Arizona State Bar No. 034125
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Ste. 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Dimitra.Sampson@usdoj.gov
Keith.Vercauteren@usdoj.gov
Lindsay.Short@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-21-02714-001-TUC-RM (MSA) |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' MOTION FOR SENTENCING ORDER** |
| Devonte Okeith Mathis, | |
| Defendant. | |

The United States, through undersigned counsel, respectfully requests that the Court order Defendant Mathis to pay $87,442.55 in restitution to Tristar Risk Management c/o City of Tucson, mailing address: Tristar Risk Management c/o City of Tucson, 1430 E Missouri Ave Ste # B267, Phoenix, AZ 85014t.

**I.    Relevant Facts and Procedural History**

On March 15, 2023, the defendant, Devonte Okeith Mathis, waived prosecution by indictment, and an information was filed (Docs. 57-58) charging that on or about October 4, 2021, Mathis conspired to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(D) and 21 U.S.C. § 846 (Count 1); and used and

carried a firearm during and in relation to a drug trafficking crime, and possessed a firearm in furtherance of a drug trafficking crime, aid and abet, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2).

The defendant pled guilty to both charges on that date. The plea agreement (Doc. 61) stipulated that the cross reference for First Degree Murder may apply to Count 1, pursuant to U.S.S.G. § 2D1.1(d)(1), but that the combined total sentence would not exceed 10 years' imprisonment. The plea agreement also set forth an agreement regarding restitution:

"Pursuant to 18 U.S.C. § 3663 and/or 3663A, the defendant specifically agrees to pay full restitution, regardless of the resulting loss amount but in no event more than $1,000,000, to all victims directly or proximately harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement."

As this court is aware, TFO P.H., was the canine handler who was one of the victims of the events of October 4, 2021. After the defendant's co-conspirator began firing the shots that murdered Agent M.G. and seriously injured Agent S.F., TFO P.H. boarded the train. At that time, the defendant's co-conspirator shot TFO P.H. twice: (1) in his left side exiting through his abdomen, and (2) in his hamstring, exiting through the side of his leg, with both shots injuring him. TFO P.H. was taken to the hospital, along with Agent S.F., and ultimately recovered from his injuries.

The defendant was sentenced on June 22, 2023, to 10 years' imprisonment followed by three years supervised release. No restitution was requested at the time. The Court's order was entered on June 26, 2023 (Doc. 76).

On August 22, 2023, undersigned counsel was contacted by an attorney

representing the City of Tucson in Arizona Workers Compensation matters, requesting restitution on behalf of his client for the costs of medical and indemnity benefits paid pursuant to Arizona Workers Compensation law for TFO P.H.'s injuries related to these crimes. A request was made for the relevant records, which were received on September 7, 2023 (See Exhibit A, attachments filed under seal).

The records demonstrate that treatment and costs were being incurred up to and including time periods beyond the sentencing date. These records have been provided to defense counsel, and while she does not have any legal objection to the records at this point, she has been attempting to contact her client in the Bureau of Prisons, but has not been able to establish contact with him to discuss these records with him.

**II.     Legal Analysis and Request for Restitution**

Under 18 U.S.C. § 3664(d)(5), if a victim's losses are not ascertainable prior to sentencing, "the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." The sentencing in this matter took place on June 22, 2023; therefore, 90 days after sentencing is September 20, 2023. The request is within the statutorily allowed timeframe, and it is an appropriate and reasonable request for restitution under the plea agreement.

**III.    Conclusion**

For these reasons, the United States respectfully requests this Court enter a restitution order for the requested amount.

RESPECTFULLY SUBMITTED this 15th day of September, 2023.

> GARY M. RESTAINO
> United States Attorney
> District of Arizona
>
> *s/ Lindsay L. Short*
> DIMITRA H. SAMPSON
> KEITH VERCAUTEREN
> LINDSAY L. SHORT
> Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of September, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and e-mailed the Filing to the following CM/ECF registrant:

Stephanie Meade
Attorney for Defendant

 *s/ Gaynell Bunn*
U.S. Attorney's Office