**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Devonte Okeith Mathis,<br><br>　　　　　Defendant. | No. CR-21-02714-001-TUC-RM (MSA)<br><br>**ORDER** |

　　　　Defendant Devonte Okeith Mathis pled guilty to Conspiracy to Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 846; and Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, Aid and Abet, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2, as charged in Counts One and Two of the Information. (Docs. 58, 60, 61, 62.) On June 22, 2023, this Court sentenced Defendant to consecutive terms of imprisonment totaling ten years, followed by concurrent terms of supervised release totaling five years. (Docs. 73, 76.)

　　　　Defendant's plea agreement includes an agreement "to pay full restitution, regardless of the resulting loss amount but in no event more than $1,000,000, to all victims directly or proximately harmed." (Doc. 61 at 5.) However, the Presentence Report stated that "[n]one of the victims are requesting restitution." (Doc. 70 at 17.) The Government did not request restitution for any victims in its Sentencing Memorandum (Doc. 68) or at Defendant's sentencing hearing.

Currently pending before the Court is the Government's Motion for Sentencing Order, in which the Government asks the Court to order Defendant to pay $87,442.55 in restitution to Tristar Risk Management for the costs of medical and indemnity benefits paid pursuant to Arizona Workers Compensation law for victim Task Force Officer P.H.'s injuries. (Doc. 80.) The Government attaches records reflecting medical expenses, some of which were incurred after Defendant's sentencing hearing but the majority of which were incurred prior to sentencing. (*See* Doc. 81.)

Pursuant to 18 U.S.C. § 3664(d)(5), if a "victim's losses are not ascertainable" within ten days prior to sentencing, "the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing."

Here, the Court was not notified at sentencing that a victim had non-ascertainable losses. To the contrary, the Presentence Report informed the Court that no victims were requesting restitution. (Doc. 70 at 17.) Although the Government filed its Motion shortly before the expiration of the 90-day period referenced in 18 U.S.C. § 3664(d)(5), it did not raise the restitution issue early enough to allow Defendant an adequate opportunity to respond.

Because the Government did not timely inform the Court that a victim with non-ascertainable losses was requesting restitution, and because the Government did not raise the issue of restitution early enough to allow Defendant a meaningful opportunity to respond, the Court will deny the Government's Motion.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED** that the Government's Motion for Sentencing Order (Doc. 80) is **denied**.

Dated this 21st day of September, 2023.

_____
Honorable Rosemary Márquez
United States District Judge